**Reversed and Remanded and Opinion filed January 13, 2015.**



In The

# 𝔉𝔬𝔲𝔯𝔱𝔢𝔢𝔫𝔱𝔥 𝔔𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

## NO. 14-13-00932-CV

## RUBY YARBROUGH AND WILBURN E. YARBROUGH, Appellants

## V.

## HOUSEHOLD FINANCE CORPORATION III, Appellee

**On Appeal from the County Court at Law No. 2
Galveston County, Texas
Trial Court Cause No. CV-0069412**

## O P I N I O N

In an issue of first impression, we must decide whether an affirmative defense of forgery, supported by an affidavit alleging that the defendants' signatures on a deed of trust were forged, raises a genuine issue of title intertwined with the issue of possession sufficient to deprive a justice court of jurisdiction in a forcible detainer action. We hold that it does. The courts below lacked jurisdiction in this forcible detainer action because determining the right to possession necessarily required the resolution of a title dispute. We reverse the

trial court's judgment and remand with instructions to dismiss the action for lack of jurisdiction.

## I.    BACKGROUND

Household Finance Corporation III filed a complaint for forcible detainer and original petition in justice court to evict Ruby and Wilburn Yarbrough from their home. The justice court record contains a deed of trust purportedly signed by the Yarbroughs, as borrowers, to secure a loan from Ameriquest Mortgage Company. The deed of trust allows the trustee to foreclose on the real property that is the subject of this lawsuit, and if so, the borrowers are required to surrender possession. According to the deed of trust, "If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding."

Household Finance purchased the property at a non-judicial foreclosure sale and obtained a substitute trustee's deed conveying the property to Household Finance. Household Finance initiated this forcible detainer action to obtain possession of the property from the Yarbroughs. The justice court signed a judgment awarding possession to Household Finance, and the Yarbroughs appealed to the county court.

The Yarbroughs filed a plea to the jurisdiction and an amended plea alleging that the foreclosure sale was void because the deed of trust was forged and void. The Yarbroughs filed an affidavit from Ruby, in which she testified, "The deed of trust on which the purported foreclosure sale was based and that led to this eviction lawsuit, was not signed by my husband or me, and was a forgery." She testified further, "I understand that people associated with Ameriquest Mortgage forged signatures on many loans, and the Deed of Trust on which the foreclosure sale was based leading to this eviction would be one of them." Finally, she reiterated that

2

the deed of trust "was not signed by me or my husband." The Yarbroughs also filed with their amended plea a copy of their petition in a Texas district court, where the Yarbroughs alleged that the deed of trust was forged. The Yarbroughs sought damages for wrongful eviction, slander of title, and other causes of action, and they sought a judgment for title to the property.

The county court denied the pleas, and the Yarbroughs amended their answer to assert an affirmative defense of forgery. Ultimately, the county court signed a final summary judgment awarding Household Finance possession of the property. The court granted the Yarbroughs' request to set a supersedeas bond, and this appeal followed.

## II.    JURISDICTION

In their first issue, the Yarbroughs contend the justice and county courts lacked jurisdiction in this forcible detainer action because there was a genuine issue regarding title intertwined with the issue of possession. The title issue concerns whether a tenancy was created by the deed of trust and associated foreclosure sale when the deed of trust was allegedly void due to forgery. Household Finance contends the deed of trust creates a tenancy at sufferance, which generally supports jurisdiction in a forcible detainer action, but Household Finance does not address the merits of the Yarbroughs' forgery argument.[1]

## A.    Standard of Review

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex.

___

[1] Responding to the Yarbroughs' second issue concerning summary judgment, Household Finance claims that the Yarbroughs "presented no signed affidavit or documentary evidence to support [their] affirmative defense of forgery." However, Ruby's signed affidavit was filed with the amended plea to the jurisdiction.

App.—Houston [14th Dist.] 2008, no pet.) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). The issue is fundamental and may be raised for the first time on appeal. *Id.* If a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do. *Miranda*, 133 S.W.3d at 227. "[D]ue to the special jurisdictional limitations imposed on justice courts, a plea to the jurisdiction in an eviction case may be based on an affirmative defense raised in the defendant's pleadings that the trial court cannot resolve apart from determining title." *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522, 524 (Tex. App.—Fort Worth 2004, no pet.) (defendant raised issue of adverse possession in defensive pleading, and thus, issue of title was so integrally linked that the justice court could not have decided possession without first deciding title).

## B.    Jurisdiction in Forcible Detainer Actions

An action for forcible detainer is a "summary, speedy, and inexpensive remedy for the determination of who is entitled to the possession of premises." *Scott v. Hewitt*, 90 S.W.2d 816 (Tex. 1936); *see also Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). The only issue to be resolved in a forcible detainer action is the right to immediate possession of the property; the merits of title are not adjudicated. *Salaymeh*, 264 S.W.3d at 435. Justice courts do not have jurisdiction to determine or adjudicate title to land, and neither does a county court exercising appellate jurisdiction in a forcible detainer action. *Id.*

When there are issues concerning both title and possession, the issues may be litigated in separate proceedings in different courts with appropriate jurisdiction. *Id.* at 436. However, when a forcible detainer action presents a genuine issue of

4

title so intertwined with the issue of possession that a trial court would be required to determine title before awarding possession, then a justice court lacks jurisdiction to resolve the matter. *See Pinnacle Premier Props., Inc. v. Breton*, No. 14-14-00194-CV, — S.W.3d —, 2014 WL 5791549, at \*3 (Tex. App.—Houston [14th Dist.] Nov. 6, 2014, no pet. h.) (op. on reh'g); *Bittinger v. Wells Fargo, N.A.*, No. 14-10-00698-CV, 2011 WL 4793828, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 11, 2011, no pet.) (mem. op.); *see also Mitchell v. Armstrong Capital Corp.*, 911 S.W.2d 169, 171 (Tex. App.—Houston [1st Dist.] 1995, writ denied). "Accordingly, a justice court is not deprived of jurisdiction merely by the existence of a title dispute; it is deprived of jurisdiction only if resolution of a title dispute is a prerequisite to determination of the right to immediate possession." *Salaymeh*, 264 S.W.3d at 435.

## C.     Landlord-Tenant Relationships and Deeds of Trust

A forcible detainer action requires proof of a landlord-tenant relationship. *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); *Dent v. Pines*, 394 S.W.2d 266, 268 (Tex. Civ. App.—Houston 1965, no writ). Although such a relationship is not a prerequisite to jurisdiction, *see Academy Corp. v. Sunwest N.O.P., Inc.*, 853 S.W.2d 833, 834 (Tex. App.—Houston [14th Dist.] 1993, writ denied), the lack of such a relationship indicates that the case may present a title issue. *See, e.g.*, *Pinnacle Premier Props.*, 2014 WL 5791549, at \*3 n.9.

Like the Ameriquest deed of trust here, a deed of trust may include a tenancy-at-sufferance clause that creates a landlord-tenant relationship when the property is foreclosed. *See id.* at \*3–4.[2] Under these circumstances, a defendant's

---

[2] Household Finance agrees that it must ultimately prove in a forcible detainer action that "the deed of trust signed by [the Yarbroughs] established a landlord-tenant relationship between"

complaints about defects in the foreclosure process generally do not require a justice court to resolve a title dispute before determining the right to immediate possession, and the justice court has jurisdiction. *See, e.g.*, *id.* at *3; *Glapion v. AH4R I TX, LLC*, No. 14-13-00705-CV, 2014 WL 2158161, at *2 (Tex. App.—Houston [14th Dist.] May 22, 2014, no pet.) (mem. op.); *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *2–3 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.).

## D.     Forgery and the Necessity of Resolving Title

Household Finance relies on the familiar principle that a deed of trust's tenancy-at-sufferance clause allows a justice court to resolve the issue of possession independent of title issues. However, in every deed-of-trust case this court has reviewed, including those cited by Household Finance, the defendants did not challenge the validity of the original deed of trust establishing the tenancy-at-sufferance relationship. The defendants challenged defects related to the foreclosure sale and conditions precedent contained within the deed of trust, but the evidence was undisputed regarding (1) the existence of a deed of trust containing a tenancy-at-sufferance clause, and (2) the occurrence of a foreclosure sale, which triggered the tenancy-at-sufferance clause. *See, e.g.*, *Pinnacle Premier Props.*, 2014 WL 5791549, at *3 (no intertwined title issue when the defendants' title dispute was based entirely on contentions that the foreclosure sale was conducted improperly and that the lender had assigned the note to another bank); *Gardocki v. Fed. Nat'l Mortg. Ass'n*, No. 14-12-00921-CV, 2013 WL 6568765, at *4 (Tex. App.—Houston [14th Dist.] Dec. 12, 2013, no pet.) (mem. op.) (no

---

the parties. *See U.S. Bank Nat'l Ass'n v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.), *cited in Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *2–3 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.).

intertwined title issue when the defendant alleged that conditions precedent to the foreclosure were not satisfied, such as the plaintiff's failure to provide notice of the foreclosure and a demand to vacate, or the holder's failure to indorse an insurance check); *Maxwell*, 2013 WL 3580621, at \*2–3 (no intertwined title issue when the defendant alleged that he was excused from paying the note because the bank had breached certain conditions of the deed of trust, and the foreclosing party was not entitled to enforce the note; "Regardless of whether the bank adhered to the deed of trust before Maxwell defaulted, it is undisputed that the bank foreclosed. Regardless of who could technically enforce Maxwell's note, it is undisputed that the bank bought the property at a foreclosure sale."); *Woodfork v. Bank of Am.*, No. 14-12-00927-CV, 2013 WL 5637751, at \*2 (Tex. App.—Houston [14th Dist.] Oct. 15, 2013, no pet.) (mem. op.) (right to possession could be adjudicated without resolving whether the underlying note was usurious or whether the lender's acceleration was proper); *Trotter v. Bank of N.Y. Mellon*, No. 14-12-00431-CV, 2013 WL 1928776, at \*3 (Tex. App.—Houston [14th Dist.] May 9, 2013, no pet.) (mem. op.) (no intertwined title issue when the defendant alleged "invalid assignments and other improprieties" related to the foreclosure process); *Bittinger*, 2011 WL 4793828, at \*2–3 (no intertwined title issue when the defendant alleged defects regarding the foreclosure sale such as the bank's lack of authority to foreclose).[3]

---

[3] Household Finance cites the following cases in support of its jurisdictional argument, but all have distinguishing facts: *Mortg. Elec. Registration Sys., Inc. v. Knight*, No. 09-04-00452-CV, 2006 WL 510338, at \*3–4 & n.4 (Tex. App.—Beaumont Mar. 2, 2006, no pet.) (mem. op.) (rendering judgment in favor of the lender because there was undisputed evidence that the defendants signed a deed of trust with a tenancy-at-sufferance clause); *Villalon v. Bank One*, 176 S.W.3d 66, 68–71 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (no intertwined title issue when the defendant alleged violations of the Fair Debt Collection Practices Act; the defendant "stipulated" that he financed the purchase of the property with a promissory note secured by a deed of trust, the bank foreclosed and purchased the property, and "the deed of trust provided that [the defendant] and all other occupants of the property became tenants in

When there is no dispute that the parties agreed to a tenancy relationship in the event of foreclosure, the tenancy relationship provides an independent basis for resolving the issue of possession. *See, e.g.*, *Rice*, 51 S.W.3d at 712. But here, the Yarbroughs contend that Household Finance's claim of a tenancy relationship cannot be sustained on a forged deed of trust because such a deed is void ab initio, a nullity, and passes no title. *See Johnson v. Coppel*, No. 01-09-00392-CV, 2012 WL 344757, at *6–7 (Tex. App.—Houston [1st Dist.] 2012, no pet.) (mem. op.) (forged deed of trust is void and passes no title); *Commonwealth Land Title Ins. Co. v. Nelson*, 889 S.W.2d 312, 318 (Tex. App.—Houston [14th Dist.] 1994, writ denied) ("A forged deed is void *ab initio* and inoperative. . . . Thus, when a document is void or void *ab initio*, it is as if it did not exist because it has no effect from the outset."); *1st Coppell Bank v. Smith*, 742 S.W.2d 454, 457 (Tex. App.—Dallas 1987, no pet.) ("A forged deed, or deed of trust, is void, and does not pass title to land."), *overruled on other grounds by Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 678 (Tex. 2000).

Accordingly, the Yarbroughs argue that a forged deed of trust cannot establish a tenancy-at-sufferance relationship between the Yarbroughs and Household Finance. This case, therefore, is more akin to those in which the parties

sufferance following a foreclosure sale"); *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 556–58 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (no intertwined title issue when it was undisputed the defendant executed a deed of trust with a tenancy-at-sufferance clause, and she alleged a lack of proper notice of the foreclosure and a lack of a proper opportunity to cure any default; these were mere "foreclosure irregularities"); *Rice v. Pinney*, 51 S.W.3d 705, 711–12 (Tex. App.—Dallas 2001, no pet.) (no intertwined title issue based on mere fact that the defendants brought a separate suit in district court; "[I]n this case the [defendants] agreed that a foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between the [parties]."); *Haith v. Drake*, 596 S.W.2d 194, 196–97 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.) (no title issue when it was undisputed that a buyer would not obtain title until payment in full of the purchase price, and the buyer had not fully performed); *see also Scott*, 90 S.W.2d at 818–19 (defendants could not challenge the validity of the foreclosure sale, but "[n]o contention is made that the vendor's lien notes are not valid and binding").

disputed the existence of a landlord-tenant relationship. *Cf. Valdez v. Gonzalez Equities, Ltd.*, No. 04-12-00466-CV, 2013 WL 3871063, at \*2–3 (Tex. App.—San Antonio July 24, 2013, no pet.) (mem. op.) (intertwined title issue when the parties agreed that they signed a contract for deed but disputed whether the defendant was a purchaser under the contract or became a tenant-at-will at some point); *Hopes v. Buckey Retirement Co.*, No. 13-07-00058-CV, 2009 WL 866794, at \*4–5 (Tex. App.—Corpus Christi Apr. 2, 2009, no pet.) (mem. op.) (intertwined title issue when the parties disputed the enforceability of a contract purportedly creating a lien and deed of trust for the defendants' property; the plaintiff foreclosed, obtained a substitute trustee's deed, and claimed a tenancy relationship, but failed to introduce the deed of trust into evidence); *Gibson*, 138 S.W.3d at 522–24 (intertwined title issue when the plaintiff claimed that the defendant entered her property pursuant to a written rental agreement and occupied the property as a tenant at sufferance, but the defendant asserted that it acquired title by adverse possession); *see also Yarto v. Gilliland*, 287 S.W.3d 83, 89 (Tex. App.—Corpus Christi 2009, no pet.) (intertwined title issue when the parties disputed whether a landlord-tenant or buyer-seller relationship existed). Similarly, in *In re Gallegos*, the Corpus Christi Court of Appeals held that there was an intertwined title issue when the defendant claimed that the transaction creating the tenancy relationship was void under the Texas Constitution. *See* No. 13-13-00504-CV, 2013 WL 6056666, at \*5 (Tex. App.—Corpus Christi Nov. 13, 2013, orig. proceeding) (mem. op.); *see also Mitchell*, 911 S.W.2d at 171 (intertwined title issue when the defendant claimed the substitute trustee's deed was void and had brought suit in district court to set aside the non-judicial foreclosure sale).

Regarding forgery in particular, in *Dass, Inc. v. Smith*, the Dallas Court of Appeals upheld the district court's temporary injunction of a forcible detainer action because the action required the resolution of a title dispute. 206 S.W.3d 197, 201 (Tex. App.—Dallas 2006, no pet.). There was undisputed evidence that Falcon Transit had leased real property from Dass for several years, but the parties disputed the nature of the relationship thereafter. *Id.* at 199. The terms of the lease provided that the tenancy would continue month-to-month at the expiration of the lease, but Falcon Transit's owner claimed that he purchased the property from Dass and introduced into evidence a document purportedly signed by the parties establishing a sale of the property. *Id.* Dass's representative testified that he did not sign the sales agreement and that his signature was a forgery. *Id.* Because the parties disputed the existence of a landlord-tenant relationship and a fact finder would need to resolve whether the purported sales agreement passing title was forged, the determination of the right to immediate possession necessarily required resolution of a title dispute. *See id.* at 201. The justice court lacked jurisdiction. *See id.*

Because the Yarbroughs contend the deed of trust and resulting substitute trustee's deed are void due to forgery, they have raised a genuine issue of title so intertwined with the issue of possession as to preclude jurisdiction in the justice court. A prerequisite to determining the immediate right to possession will be resolution of the Yarbroughs' title dispute concerning forgery of the deed of trust. Accordingly, the justice and county courts lacked jurisdiction.

The Yarbroughs' first issue is sustained.

### III.    CONCLUSION

Having sustained the Yarbroughs' first issue, we reverse the trial court's judgment and remand with instructions to dismiss the action for lack of jurisdiction.


/s/     Sharon McCally
        Justice

Panel consists of Justices Boyce, Jamison, and McCally.