**Affirmed and Memorandum Opinion filed May 2, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00107-CV

---

## ROSEMARY C. PHELAN, Appellant

## V.

## GOODBUYS USA INC., Appellee

---

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1099559**

---

## M E M O R A N D U M   O P I N I O N

In this appeal from a forcible detainer action, appellant Rosemary C. Phelan challenges a judgment awarding appellee Goodbuys USA Inc. immediate possession of real property. Phelan asserts that the county court at law lacked subject matter jurisdiction to decide possession because a title dispute must be, but has not been, resolved first. Phelan, however, provides no evidence of such an intertwined dispute that deprived the county court at law of jurisdiction, and we affirm. Because all

dispositive issues are settled in law, we issue this memorandum opinion. *See* Tex. R. App. P. 47.4.

## Background

Goodbuys filed this forcible detainer action in a Harris County justice court to obtain possession of real property located at 5205 Sue Marie Lane, Houston, Texas 77091 (the "Property"). Goodbuys alleged that it purchased the Property in December 2016, that Phelan and all other occupants were tenants at sufferance who had been provided notice to vacate and refused to do so, and that it had a superior right to possess the Property. Phelan filed an answer and a verified plea to the jurisdiction, asserting that a title dispute involving ownership of the Property must be resolved before possession could be determined. The justice court ruled in Goodbuys' favor, implicitly denying Phelan's jurisdictional plea. The judgment awarded Goodbuys possession of the Property.

Phelan appealed the judgment to the county court at law, which conducted a de novo non-jury trial. The trial court found in favor of Goodbuys, ordering that a writ of possession issue in its favor and stating in its judgment:

Jurisdiction

The Court examined the pleadings and heard the evidence and argument of counsel. The Court finds that all necessary residence qualifications and prerequisites of law have been legally satisfied, and that this Court has jurisdiction of all the parties and subject matter of this cause. All persons entitled to citation were properly cited or made an appearance.

Jury and Record

The making of a record of testimony was conducted by the official court reporter for the County Civil Court at Law No. 1 for Harris County, Texas. With the consent of the court all parties waived their right to a jury and all matters in controversy, including questions of fact and of law, were submitted to the Court.

2

Findings

The Court finds that the material allegations in Plaintiff's Original Petition for Eviction are true.

Phelan filed a timely notice of appeal. We have a clerk's record from the county court at law proceedings, but we have no reporter's record.

**Analysis**

Phelan contends that the trial court erroneously denied her plea to the jurisdiction and erroneously rendered judgment for Goodbuys on its forcible detainer claim. Phelan's two issues are both grounded on a single premise: that a pending title dispute deprived the lower courts of jurisdiction to decide the issue of immediate possession.

A plea to the jurisdiction challenges the trial court's authority to determine the subject matter of the action. *See, e.g.*, *City of Houston v. Houston Mun. Emps. Pension Sys.*, 549 S.W.3d 566, 575 (Tex. 2018). Whether the trial court has subject matter jurisdiction is a question of law that we review de novo. *See id.*; *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 279 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The plaintiff has the burden of alleging facts that affirmatively establish the trial court's subject matter jurisdiction. *See Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 486 (Tex. 2018). If a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction to hear the case. *See id.*

Forcible detainer occurs when a person refuses to surrender possession of real property upon a statutorily sufficient demand for possession if that person is, *inter alia*, a tenant at will or by sufferance. *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied); *see also* Tex. Prop. Code § 24.002(a)(2). Justice courts—and, on appeal by trial de novo,

3

county courts at law—have jurisdiction over forcible detainer suits. *See* Tex. Prop. Code § 24.004; Tex. R. Civ. P. 510.9, 510.10. To prevail in a forcible detainer proceeding, the plaintiff need not prove title but must present sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Salaymeh v. Plaza Centro, LLC*, 264 S.W.3d 431, 435 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see also Shaver v. Wells Fargo Bank, N.A.*, No. 14-13-00585-CV, 2014 WL 3002414, at *2 (Tex. App.—Houston [14th Dist.] July 1, 2014, pet. struck) (mem. op.). The only issue in forcible detainer actions is the right to actual and immediate possession; title is not adjudicated. *See* Tex. R. Civ. P. 510.3(e); *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Salaymeh*, 264 S.W.3d at 435; *see also* Tex. Gov't Code § 27.031(b)(4) (providing that a justice court does not have jurisdiction of a suit for title to land).

The existence of a title dispute does not deprive a justice court of jurisdiction. *Hossain v. Fed. Nat'l Mortg. Ass'n*, No. 14-14-00273-CV, 2015 WL 3751548, at *2 (Tex. App.—Houston [14th Dist.] June 16, 2015, pet dism'd w.o.j.) (mem op.). If, however, the question of title is so integrally linked to the issue of possession that the right to possession cannot be determined without first determining title, then the justice courts and, on appeal, the county courts, lack jurisdiction over the matter. *Id.*; *cf. Dass, Inc. v. Smith*, 206 S.W.3d 197, 200-01 (Tex. App.—Dallas 2006, no pet.) (holding that, when relationship between parties was buyer-seller, rather than lessor-lessee, determination of right to immediate possession of property necessarily required resolution of title dispute and jurisdiction lay in district court). Because of the jurisdictional limitations imposed on justice courts, a plea to the jurisdiction in a forcible detainer case may be based on an affirmative defense raised in the defendant's pleadings that the trial court cannot resolve apart from determining title.

4

*Yarbrough*, 455 S.W.3d at 279 (citing *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522, 524 (Tex. App.—Fort Worth 2004, no pet.)).

According to Phelan, a title dispute is integrally intertwined with the possession issue; thus, the lower courts erred in deciding the issue of the right to possession of the Property before the title dispute was resolved. In her original answer, she asserted the affirmative defenses of (1) partial accord and satisfaction of mortgage payments and (2) failure to satisfy conditions precedent to foreclosure. In her plea to the jurisdiction, she claimed that her mortgagor, SV Capital Partners, L.L.C., failed to comply with the notice provisions of the Property Code and failed to accurately account for all mortgage payments "before it wrongfully conducted the foreclosure sale in December 2016." When she appealed the justice court's decision to the county court at law, Phelan moved to abate the eviction suit based on her claim that SV Capital Partners failed to properly notify her of the foreclosure sale.[1]

However, Phelan does not dispute that she is currently a tenant at sufferance. When a defendant in a forcible detainer action is a tenant at sufferance, defensive complaints about defects in the foreclosure process generally do not require a court to resolve a title dispute before determining the right to immediate possession, and the justice court has jurisdiction. *See, e.g.*, *Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *Shaver*, 2014

---

[1] Phelan filed suit against SV Capital Partners and Goodbuys in Harris County district court. *See Phelan v. SV Capital Partners, LLC*, No. 2017-81863 (113th Dist. Ct. Harris Cty., Tex., filed Dec. 8, 2017). In her petition, she alleges that SV Capital Partners failed to properly apply payments to her account and engaged in "dilatory tactics" when she inquired about her balance and outstanding principal. She claims SV Capital Partners wrongfully foreclosed on the property and sold it to Goodbuys. She asserts claims for breach of contract, DTPA violations, fraud, wrongful debt collection, and declaratory relief against SV Capital Partners. She seeks to quiet her title, as well as asserting a claim for trespass to try title, against Goodbuys. A copy of this petition is included in our clerk's record, labeled as an exhibit from the trial de novo conducted by the county court at law.

WL 3002414, at *2 & n.1; *Glapion v. AH4R I TX, LLC*, No. 14-13-00705-CV, 2014 WL 2158161, at *2 (Tex. App.—Houston [14th Dist.] May 22, 2014, no pet.) (mem. op.); *Maxwell v. U.S. Bank Nat'l Ass'n*, No. 14-12-00209-CV, 2013 WL 3580621, at *2-3 (Tex. App.—Houston [14th Dist.] July 11, 2013, pet. dism'd w.o.j.) (mem. op.).

Further, a forcible detainer action is cumulative, not exclusive, of other remedies. *Salaymeh*, 264 S.W.3d at 435-36. Thus, a forcible detainer suit in justice court may proceed concurrently with an action in a different court even if the proceeding may result in a different outcome than the forcible detainer suit. *Id.* at 436; *Trotter v. Bank of N.Y. Mellon*, No. 14-12-00431-CV, 2013 WL 1928776, at *2 (Tex. App.—Houston [14th Dist.] May 9, 2013, no pet.) (mem. op.). Although issues may exist as to the validity of the mortgage and the quality of the buyer's title, the court hearing the forcible detainer action is authorized to decide which of the parties is entitled to immediate right of possession. *Trotter*, 2013 WL 1928776, at *2. That is what occurred in this case: the county court at law ruled that Goodbuys was entitled to immediate possession of the Property, and the judgment awards possession to Goodbuys and nothing more. Phelan has filed a concurrent proceeding in district court disputing title to the Property, and she may continue to prosecute that action.

In the present case, however, Phelan presented no evidence that a title dispute is so intertwined with the right to possession that the justice court lacked jurisdiction to determine possession of the Property. Goodbuys alleged that it purchased the property, that it had a superior right of possession to Phelan, and that it notified Phelan—a tenant at sufferance—that she must vacate. Following trial de novo, the county court at law found these allegations were true. Phelan does not challenge these findings on appeal and in any event we presume they are supported by evidence

when, as here, we do not have a reporter's record. *See, e.g.*, *Doan v. TransCanada Keystone Pipeline, LP*, 542 S.W.3d 794, 808-09 (Tex. App.—Houston [14th Dist.] 2018, no pet.) ("[I]n the absence of a stipulation, an agreement between the parties, or a statement of the appellant's issues to be presented on appeal, we must presume that the omitted portions of the record are relevant and would support the judgment." (internal quotations omitted)).

In sum, even if Phelan's district court suit results in a different outcome, the lower courts had jurisdiction to determine whether Goodbuys demonstrated that it had a superior right to immediate possession of the Property.

For the foregoing reasons, we overrule Phelan's issues.

## Conclusion

We affirm the trial court's judgment.


/s/     Kevin Jewell
        Justice


Panel consists of Justices Christopher, Jewell, and Hassan.