# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-21-00371-CV

**DeWayne Naumann, Theresa C. Gloier, and All Occupants, Appellants**

**v.**

**PIRA, LLC, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-21-000420, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellants DeWayne Naumann and Theresa C. Gloier challenge the trial court's judgment in this forcible-detainer action determining that appellee PIRA, LLC had the right to immediate possession of the property. Appellants contend that legally and factually sufficient evidence does not support the trial court's implicit finding that a landlord–tenant relationship existed between PIRA and appellants. Because we conclude that sufficient evidence shows that appellants are tenants at sufferance and that tenants at sufferance are subject to a forcible-detainer action, we will affirm the trial court's judgment.

Appellants obtained a home-equity loan secured by the property at issue here in 2009. The noteholder began a foreclosure proceeding against appellants in 2013. After years of litigation in state and federal courts, PIRA bought the property at a foreclosure sale on February 4, 2020. PIRA sent notice to appellants on February 13, 2020, directing them to vacate the premises by February 18, 2020. PIRA's counsel subsequently sent notice dated March 21,

2020, directing appellants to vacate the premises by April 4, 2020. Litigation continued in other courts as well.

The justice court rendered judgment on January 11, 2021, that PIRA recover possession of the property from appellants.[1] Appellants obtained review of that judgment by the county court at law, which also ruled for PIRA. The parties did not request and the trial court did not make findings of fact and conclusions of law in support of its judgment.

Appellants contend that the evidence was legally and factually insufficient to support the trial court's implied finding that a landlord–tenant relationship existed between PIRA and appellants, which they argue "serves as a pre-requisite in determining whether [appellants] committed a forcible detainer."

When the parties do not request and the trial court does not make findings of fact or conclusions of law, all facts necessary to support the judgment and supported by the evidence are implied. *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). We will affirm the judgment if it can be upheld on any legal theory supported by the evidence. *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990). We review the sufficiency of the evidence supporting the trial court's implied fact findings using the same standards that we apply to jury findings. *Texas Outfitters Ltd., LLC v. Nicholson*, 572 S.W.3d 647, 653 (Tex. 2019). A finding is supported by legally sufficient evidence if more than a scintilla of evidence supports it and by factually sufficient evidence unless it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *Leonard v. Abbott*, 171 S.W.3d 451, 459 (Tex. App.—Austin 2005, pet. denied). In a bench trial, the trial court judges the credibility of the

---

[1] The justice court also found that no applicable standing order by it, emergency order by the Supreme Court of Texas, or Center for Disease Control order regarding abatement was applicable to this residential eviction case.

witnesses, determines the weight of testimony, and resolves conflicts and inconsistencies in the testimony. *See Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.). As long as the evidence falls within the zone of reasonable disagreement, we will not substitute our judgment for that of the fact-finder. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005).

The sole focus of a forcible-detainer action is to determine the right to immediate possession of real property. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). A plaintiff in a forcible-detainer action must show (1) it is the owner of the property, (2) the defendant is a tenant at sufferance or at will, (3) the plaintiff gave notice to the defendant to vacate the premises, and (4) the defendant refused to vacate the premises. *Id.*; *see also* Tex. Prop. Code §§ 24.002(b), .005(f). In a suit involving a tenant at sufferance, the plaintiff must give the tenant written notice to vacate three days prior to the date the plaintiff files a forcible-detainer suit unless the parties contracted for a different notice period. Tex. Prop. Code § 24.005(b).

Appellants do not challenge any element except the existence of a landlord-tenant relationship. They rely on the following exchange in the cross-examination of a PIRA representative:

> Q.    Do you have a lease or does PIRA, LLC have a lease between PIRA and DeWayne Naumann?
>
> A.    No, we do not.
>
> Q.    Does PIRA, LLC have a lease between PIRA and Teresa G[l]oier?
>
> A.    No, that's not.
>
> Q.    Do you consider Mr. Naumann a tenant to PIRA, LLC?
>
> A.    No.

3

Q.      And do you consider Ms. G[l]oier a tenant to PIRA, LLC?

A.      No.

Appellants contend that a forcible-detainer action requires proof of a landlord–tenant relationship, citing *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

But *Yarbrough* also states that "a deed of trust may include a tenancy-at-sufferance clause that creates a landlord–tenant relationship when the property is foreclosed." *Id.* In defining forcible detainer, Texas law states, "A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance . . . ." Tex. Prop. Code § 24.002(a)(2). That chapter later provides, "If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible-detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." *Id.* § 24.005(b).

PIRA pleaded that after the foreclosure sale appellants remained in possession of the property as tenants at sufferance. The county court at law admitted into evidence the Texas Home Equity Security Instrument signed by appellants after default and foreclosure sale, which provided that appellants "shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [appellants] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding." When testifying, PIRA's representative agreed that the appellants' loan document provided that if the borrower defaulted and the property was sold at foreclosure the borrower could become a tenant at sufferance.

The trial court granted PIRA possession in this case, implicitly finding that appellants were tenants no longer entitled to possession. It reasonably could have understood the PIRA representative to have testified that he did not consider appellants to be tenants in a traditional lessor/lessee relationship. The court also had before it the home-equity instrument defining appellants as tenants at sufferance if they remained in the residence following a foreclosure sale and heard testimony about that instrument as well as the foreclosure and sale. The trial court heard testimony and saw evidence of PIRA's ownership and its demands that appellants vacate the premises. In light of the testimony and evidence, the trial court was free to resolve any discrepancy regarding appellants' status in favor of finding that appellants were tenants at sufferance required to surrender the premises to PIRA and subject to removal by legal processes.

The record contains legally and factually sufficient evidence to support the trial court's implied finding that appellants were tenants at sufferance. We resolve appellants' sole issue against them.

We affirm the judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Kelly and Smith

Affirmed

Filed: August 25, 2022