**Reversed and Remanded and Memorandum Opinion filed November 5, 2024.**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00513-CV

**RONNETRICA COLEMAN, Appellant**

**V.**

**DWR SOMERSET 18 LP, Appellee**

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2022-78620**

## M E M O R A N D U M   O P I N I O N

Appellant Ronnetrica Coleman sued appellee DWR Somerset 18 LP ("Somerset"), asserting claims stemming from her eviction. Somerset filed a motion for summary judgment and the trial court granted the motion, rendering a take-nothing judgment in Somerset's favor. Coleman appealed and, for the reasons below, we reverse the trial court's summary judgment and remand the case for further proceedings.

**BACKGROUND**

In June 2020, Coleman leased a Houston apartment from Somerset. The lease was for a one-year term that would automatically renew on a month-to-month basis.

Approximately one year later, Somerset pursued two separate forcible detainer actions against Coleman. Somerset's first forcible detainer petition alleged that Coleman's family committed certain conduct-based violations of her lease agreement and its second forcible detainer petition alleged that Coleman failed to pay rent. Both forcible detainer actions resulted in judgments for Somerset, and Coleman appealed the judgments to the county court at law for trial *de novo*.

Somerset filed a motion for non-suit in the conduct-based forcible detainer action, which the county court granted. The second forcible detainer action was set for trial via video conference on January 24, 2022. The trial court signed a default judgment in Somerset's favor after Coleman failed to appear for trial. A writ of possession was issued for the leased premises and executed in February 2022. Coleman did not file a supersedeas bond to stay the writ's execution. *See* Tex. Prop. Code Ann. § 24.007.

After she obtained new counsel, Coleman filed a motion to set aside the default judgment and a motion for new trial. The county court granted the new trial motion and, after a bench trial, signed a take-nothing judgment in Coleman's favor. Somerset did not appeal the judgment.

Coleman subsequently filed an original petition in the underlying proceeding and asserted the following claims:

1. violations of the Texas Property Code[1] for "locking Coleman out of her apartment and by preventing her from entering her apartment without the sanction of judicial process";

2. violations of the applicable Land Use Restriction Agreement[2] for "evicting Coleman and her family without 'good cause'"; and

3. wrongful eviction.[3]

Coleman sought to recover possession of the leased premises or its equivalent and "actual and punitive damages caused by this wrongful eviction."

Somerset filed a traditional summary judgment motion, challenging all Coleman's claims and Coleman filed a response. The trial court signed an order on June 6, 2023, granting Somerset's summary judgment motion. Coleman timely filed this appeal.

## ANALYSIS

A motion for summary judgment "must stand or fall on the grounds expressly presented" therein. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex. 1993). Here, Somerset raised the following traditional summary judgment grounds in its motion:

1. Coleman cannot establish "wrongfulness" because Somerset obtained a valid and enforceable judgment in the forcible detainer action and executed a valid and enforceable writ of possession after Coleman failed to timely post a supersedeas bond;

---

[1] Under the Texas Property Code, "[a] landlord may not intentionally prevent a tenant from entering the leased premises except by judicial process." *See* Tex. Prop. Code Ann. § 92.0081(b).

[2] According to Coleman's petition, the leased property was subject to a Land Use Restriction Agreement filed in the Harris County real estate records.

[3] The elements necessary to establish wrongful eviction are (1) the existence of an unexpired lease, (2) the tenant's occupancy of the premises, (3) the landlord's eviction of the tenant, and (4) damages suffered by the tenant. *Garcia v. Galvan*, No. 14-11-00338-CV, 2012 WL 1606312, at *3 (Tex. App.—Houston [14th Dist.] May 8, 2012, pet. dism'd w.o.j.) (mem. op.).

2. Coleman's claims are barred by Texas Property Code section 24.0061(i), which states that "[a] landlord is not liable for damages to the tenant resulting from the execution of a writ of possession by an officer under this section"; and

3. Coleman cannot pursue her "lockout" claim under Texas Property Code section 92.0081 because she was evicted pursuant to a valid writ of possession.

*See* Tex. R. Civ. P. 166a(c). For the reasons below, we conclude these grounds do not warrant summary judgment on Coleman's claims.

## I. Standard of Review

A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c); *Nassar v. Liberty Mut. Fire Ins. Co.*, 508 S.W.3d 254, 257 (Tex. 2017) (per curiam). To prevail as a movant, a defendant must either negate at least one of the essential elements of a cause of action or conclusively establish each element of an affirmative defense. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Once a movant initially establishes a right to summary judgment on the issues expressly presented in the motion, the burden shifts to the nonmovant to present issues or evidence precluding summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979).

We view the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, and disregarding contrary evidence unless reasonable jurors could not. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013). When the trial court's order does not specifically state the grounds for granting judgment, we must affirm the judgment "if any of the theories presented to the trial court and preserved for appellate review are meritorious." *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211,

216 (Tex. 2003).

## II. The Forcible Detainer Suit and Subsequently-Executed Writ of Possession

In its summary judgment motion, Somerset asserted that Coleman cannot pursue her claims because the eviction was effected pursuant to a default judgment in a forcible detainer suit that was valid when the writ of possession was issued and executed. Somerset contends that, because Coleman did not file a supersedeas bond to stay execution of the writ, she cannot pursue her claims stemming from the eviction.

But this argument ignores a long line of precedent holding otherwise. A forcible detainer action is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.). A judgment of possession in a forcible detainer action is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination only of the right to immediate possession. *Marshall*, 198 S.W.3d at 787; *see also* Tex. Prop. Code Ann. § 24.008 ("An eviction suit does not bar a suit for trespass, damages, waste, rent, or mesne profits.").

The Texas Supreme Court recently reiterated the limited scope of a forcible detainer action and stated:

Again, we have consistently described a judgment in an eviction suit as a final determination only of the right to immediate possession. Such a judgment is not, by contrast, a final determination of the parties' ultimate rights, the wrongfulness of the eviction, or any other question. And such a judgment does not have a preclusive effect on a subsequent action in district court or bar a suit for damages.

5

*Westwood Motorcars, LLC v. Virtuolotry, LLC*, 689 S.W.3d 879, 885 (Tex. 2024). Applying these principles in *Westwood Motorcars*, the court held that the plaintiff's previous consent to the landlord's obtaining a writ of possession in justice court did not preclude the plaintiff's subsequent claims against the landlord in district court for breach of contract and constructive eviction. *Id*. at 884-85; *see also, e.g.*, *Garcia v. Galvan*, No. 14-11-00338-CV, 2012 WL 1606312, at *4 (Tex. App.—Houston [14th Dist.] May 8, 2012, writ dism'd w.o.j.) (mem. op.) ("a judgment for a landlord in a forcible detainer action does not bar a tenant's suit for wrongful eviction"); *Bergstrom v. Winrock-Houston Assocs. Ltd. P'ship*, No. 01-95-00024-CV, 1995 WL 477552, at *3 (Tex. App.—Houston [1st Dist.] Aug. 10, 1995, no writ) ("a party may assert a separate action for money damages, either during or after a forcible detainer action, that arises from the same facts that gave rise to the forcible detainer action").

Therefore, the default judgment in the forcible detainer action and subsequently-executed writ of possession do not bar Coleman's claims stemming from her eviction. *See* Tex. Prop. Code Ann. § 24.008; *Westwood Motorcars, LLC*, 689 S.W.3d at 885. This argument does not provide a basis to sustain the trial court's summary judgment.

## III. Texas Property Code Section 24.0061(i)

In its summary judgment motion, Somerset also asserted that Coleman was "barred from recovery by operation of Texas law" under Texas Property Code section 24.0061(i), which states:

> A landlord is not liable for damages to the tenant resulting from the execution of a writ of possession by an officer under this section.

Tex. Prop. Code Ann. § 24.0061(i). Section 24.0061(i), argued Somerset, provides it with "immunity from damages resulting from the execution of a writ of

6

possession."

Statutory construction is a legal question we review *de novo*. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *Zachry Eng'g Corp. v. Encina Dev. Grp., LLC*, 672 S.W.3d 534, 537 (Tex. App.—Houston [14th Dist.] 2023, pet. abated). Our fundamental goal when reading statutes "is to ascertain and give effect to the Legislature's intent." *Tex. Mut. Ins. Co. v. Ruttiger*, 381 S.W.3d 430, 452 (Tex. 2012). We use definitions prescribed by the Legislature and any technical or particular meanings the words have acquired. Tex. Gov't Code Ann. § 311.011. Otherwise, we construe a statute's words according to their plain and common meanings, unless a contrary intention is apparent from the context or unless such a construction leads to absurd results. *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 325 (Tex. 2017).

Three reasons compel us to disagree with Somerset's broad interpretation of this provision's application. First, the statute insulates a landlord only from those damages arising from "the execution of a writ of possession ***by an officer***" — a qualification that suggests the statute's reach is limited to those damages stemming from an officer's physical execution of the eviction. *See* Tex. Prop. Code Ann. § 24.0061(i) (emphasis added). This interpretation is supported by other provisions in section 24.0061, which set out the technical requirements governing an officer's execution of a writ of possession. *See id*. at (d)(1) (the officer executing the writ must "post a written warning of at least 8 ½ by 11 inches on the exterior of the front door of the rental unit"), (d)(2)(D) (a tenant's personal property may not be placed so that it "block[s] a public sidewalk, passageway, or street"). Read in this statutory context, subsection (i) does not indicate an intent to broadly insulate landlords from ***all*** damages stemming from the execution of a writ of possession.

Second, a limited reading of section 24.0061(i) finds additional support in the statute's legislative history. Subsection (i) was added to section 24.0061 effective September 1, 2021. *See* Act of May 30, 2021, 87th Leg., R.S. ch. 641, § 1, sec. 24.0061, 2021 Tex. Gen. Laws 1288, 1289. In the bill analysis prepared for this subsection, the Judiciary & Civil Jurisprudence Committee reasoned:

> Upon receipt of an eviction notice, a tenant has a certain time frame within which to remove their possessions from the premises. If the tenant fails to remove their belongings, the court will order a writ of possession in which an officer may enter the premises, remove the tenant's belongings, and place them on the curb to be picked up by the evicted tenant. ***It has been noted that landlords are currently held responsible for any damages inflicted upon these belongings while sitting on the curb***. ***H.B. 900 seeks to remedy this situation by exempting a landlord from liability for certain damages.***

*See* House Judiciary & Civil Jurisprudence Comm., Bill Analysis, Tex. H.B. 900, 87th Leg. R.S. (2021) (emphasis added). This bill analysis suggests a limited reach for subsection (i) that applies to the actual physical execution of the writ. *See id*.

Finally, Somerset's suggested interpretation of section 24.0061(i) would eviscerate the line of authority discussed above in Section II regarding the limited effects of a forcible detainer action on subsequently-pursued claims such as wrongful eviction. *See* Tex. Prop. Code Ann. § 24.008; *Westwood Motorcars, LLC*, 689 S.W.3d at 885; *Marshall*, 198 S.W.3d at 787. We decline to adopt this interpretation of section 24.0061(i) without clear indication from the Legislature that its broad preclusive effect indeed was intended. Therefore, this argument does not provide a basis to sustain the trial court's summary judgment.

## IV. Coleman's Lockout Claim Under Section 92.0081

In her original petition, Coleman asserted a "lockout" claim under section 92.0081, which states that "[a] landlord may not intentionally prevent a tenant

from entering the leased premises except by judicial process." *See* Tex. Prop. Code Ann. § 92.0081. Somerset argued in its summary judgment motion that Coleman's lockout claim failed as a matter of law because "dispossession was performed by and as a part of the judicial process," *i.e.*, execution of the writ following the default judgment.

We conclude that this argument fails to establish as a matter of law Somerset's entitlement to judgment on Coleman's lockout claim. As discussed above, Texas precedent is clear that the effects of a forcible detainer action are limited to determining only the right to immediate possession. *See Westwood Motorcars, LLC*, 689 S.W.3d at 885; *Marshall*, 198 S.W.3d at 787. But remedies for a lockout claim are broader than just immediate possession and include a civil penalty, actual damages, court costs, and reasonable attorney's fees. *See* Tex. Prop. Code Ann. § 92.0081(h)(2). Given this disparity, we decline to hold as a matter of law that execution of a writ of possession precludes a subsequent lockout claim — particularly where, as here, the underlying default judgment later was vacated and a final judgment entered for the plaintiff in the forcible detainer action. Therefore, this argument does not provide a basis for maintaining the trial court's summary judgment with respect to Coleman's lockout claim.

## CONCLUSION

None of the grounds asserted in Somerset's summary judgment motion provide a basis to sustain judgment with respect to Coleman's claims. Therefore, we reverse the trial court's summary judgment with respect to Coleman's three claims and remand the case for further proceedings.

/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Christopher and Justices Wise and Hassan.