# Court of Appeals

## Tenth Appellate District of Texas

---

### 10-25-00144-CV

---

Agnes Wunnetter Lane,
Appellant

v.

DFW Nadlan, LLC,
Appellee

---

On appeal from the
County Court of Navarro County, Texas
Senior Judge H. D. Black Jr., presiding
Trial Court Cause No. CV-10560

---

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Agnes Wunnetter Lane appeals from the trial court's judgment awarding possession of certain real property to DFW Nadlan, LLC in this forcible detainer suit. Lane contends the trial court did not have jurisdiction and DFW Nadlan failed to prove its prima facie case. We affirm.

## BACKGROUND

In 2015, Vassie Lane, as grantor, executed a deed of trust conveying two lots to a Trustee in trust as security on a real estate lien note to purchase the property. In 2023, the property was sold at a foreclosure sale and purchased by DFW Nadlan. By letters dated November 20, 2024, DFW Nadlan gave Vassie Lane, Agnes Lane, and other occupants of the property notice to vacate the property. The notice also warned that if they did not comply, DFW Nadlan would seek possession of the property and have the occupants removed by writ of possession.

In January 2025, DFW Nadlan filed its eviction suit in Justice of the Peace Court citing as grounds for eviction that "[t]enants are at sufferance after primary lien holder foreclosure." Agnes Lane filed a general denial and asserted as an affirmative defense that she has sued "the Seller that transferred the property and disputes ownership of the property due to fraud, wrongful foreclosure, and breach of fiduciary duty." She further asserted that the justice court could not determine the title issue.[1] The justice court rendered judgment in favor of DFW Nadlan, ordering that DFW Nadlan recover possession of the property.

---

[1] Our record does not include answers filed by any other defendant, and no other defendants are parties to this appeal.

The case was appealed to the county court for a de novo trial, after which the court awarded possession of the property to DFW Nadlan. Agnes Lane appealed the cause to this Court.

<h2 style="text-align:center">JURISDICTION</h2>

In what we construe to be Lane's first issue, she contends the trial court did not have jurisdiction over this suit because title issues are inextricably intertwined with the possession issue. Therefore, she contends, this dispute should be addressed in her pending suit for wrongful foreclosure.

**Standard of Review**

Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Tex. Nat. Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 855 (Tex. 2002). When conducting a de novo review, because the question is one of law and not of facts, the reviewing tribunal exercises its own judgment and accords the original tribunal's decision no deference. *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998).

**Applicable Law**

When there is no unlawful entry, a forcible-detainer suit is the proper procedure to determine possession of real property. *See* TEX. PROP. CODE ANN. § 24.002; *see also Lenz v. Bank of Am., N.A.*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied). A justice court in the precinct in which real

property is located has jurisdiction over a forcible detainer suit. TEX. PROP. CODE ANN. § 24.004(a); TEX. GOV'T CODE ANN. § 27.031(2). Appeal is to the county court. TEX. R. CIV. P. 510.10(c). The sole issue in a forcible detainer suit is the right to immediate possession of the premises. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Neither justice courts nor county courts exercising appellate jurisdiction have jurisdiction to determine or adjudicate title to land in a forcible detainer action. *See Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

The existence of a title dispute does not deprive the justice court, or county court hearing the appeal, of jurisdiction, but when there is a genuine issue of title so intertwined with the issue of possession that the issue of possession cannot be decided without first deciding the title issue, then the justice court, and county court hearing the appeal, lack jurisdiction over the suit. *Id.* However, if there is an independent basis to resolve the possession issue, such as a landlord-tenant relationship, then the justice court and county court retain jurisdiction and may resolve the possession issue without deciding the title issue. *See Chinyere v. Wells Fargo Bank, N.A.*, 440 S.W.3d 80, 83-84 (Tex. App.—Houston [1st Dist.] 2012, no pet.).

**Discussion**

Lane contends the trial court did not have jurisdiction over the eviction suit because the title issue is inextricably linked to the forcible detainer action. She alleges, without details, that the property was unlawfully foreclosed and DFW Nadlan acquired title through a fraudulent foreclosure action.

The deed of trust in this case contained the following tenant-at-sufferance clause:

> If any of the property is sold under this deed of trust, Grantor shall immediately surrender possession to the purchaser. If Grantor fails to do so, Grantor shall become a tenant at sufferance of the purchaser, subject to an action for forcible detainer.

A tenancy-at-sufferance clause in a deed of trust creates a landlord-tenant relationship when the property is foreclosed. *See Pinnacle Premier Props., Inc. v. Breton*, 447 S.W.3d 558, 564-65 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Tenant-at-sufferance clauses separate the issue of possession from the issue of title. *Id*. at 564. When a party to be evicted is subject to a tenant-at-sufferance clause and the party seeking possession purchased the property at a foreclosure sale and gave proper notice requiring the occupants to vacate the premises, defects in the foreclosure process are not relevant to possession. *Id*. Here, the deed of trust created a landlord-tenant relationship, DFW Nadlan purchased the property at a foreclosure sale, the occupants of the property

became tenants-at-sufferance, and as explained below, DFW Nadlan sent the required notice to the tenants. Under these circumstances, Lane's complaints about defects in the foreclosure process do not require the trial court to resolve a title dispute before determining the right to immediate possession, and the justice court, and county court on appeal, have jurisdiction. *Id.* We overrule Lane's first issue.

## NOTICE TO VACATE

In what we construe as her second issue, Lane apparently contends she was not given adequate notice to vacate. Next to a sub-heading entitled "Notice/Burden of Proof," she asserts that the record does not show that DFW Nadlan provided sufficient evidence to prove a prima facie case for forcible detainer. We construe her complaint to be a challenge to the legal sufficiency of the evidence to satisfy the statutory notice requirement that is an element of a forcible detainer action.

### Standard of Review

A party who challenges the legal sufficiency of the evidence to support an issue upon which it did not have the burden of proof at trial must demonstrate on appeal that there is no evidence to support the adverse finding. *Exxon Corp. v. Emerald Oil & Gas Co.*, 348 S.W.3d 194, 215 (Tex. 2011). Evidence is legally sufficient if it would enable reasonable and fair-minded

people to reach the verdict under review. *Id.* We credit favorable evidence if a reasonable finder of fact could, and disregard contrary evidence unless a reasonable finder of fact could not. *Id.* If there is any evidence of probative force to support the finding, i.e. more than a scintilla, we will overrule the issue. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005) (per curiam).

**Applicable Law**

A tenant commits forcible detainer by refusing to surrender possession of real property after a person entitled to possession has lawfully terminated the tenant's right to possession. TEX. PROP. CODE ANN. § 24.002. To establish a superior right to immediate possession for a forcible detainer claim, the person or entity claiming so has the burden to prove that (1) he owned the property, (2) the tenant was either a tenant at will, tenant at sufferance, or a tenant willfully holding over after the termination of the tenant's right of possession, (3) the owner gave proper notice to vacate the premises, and (4) the tenant refused to vacate the premises. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017). A landlord must give a tenant by sufferance at least three days' written notice to vacate the premises before the landlord may file a forcible detainer suit. TEX. PROP. CODE ANN. §§ 24.002(b), 24.005(b). The notice must be either mailed or hand delivered to a person at the premises.

TEX. PROP. CODE ANN. § 24.005(f). Proper notice is an element of a forcible detainer action. *Mendoza v. Bazan*, 574 S.W.3d 594, 607 (Tex. App.—El Paso 2019, pet. denied).

**Discussion**

Inasmuch as Lane does not identify the notice's inadequacy, or cite to appropriate authorities or to the record, the briefing of this contention is inadequate. *See* TEX. R. APP. P. 38.1(i); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Nonetheless, we note that the record contains letters dated November 20, 2024, mailed to all defendants at each of the two addresses foreclosed on, declaring the topic to be "3 DAY NOTICE TO VACATE," and indicating DFW Nadlan's intent to seek possession of the property in accordance with state law. Almost two months later, DFW Nadlan filed its forcible detainer petition. *See* TEX. PROP. CODE ANN. §§ 24.002(b), 24.005(b). This is sufficient evidence of the statutorily required notice. *See Hernandez*, 164 S.W.3d at 388. We overrule Lane's second issue.

CONCLUSION

Having overruled Lane's issues, we affirm the trial court's judgment.

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED:  October 30, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Affirmed
CV06

